**CT Corporation**

**Service of Process Transmittal**
11/05/2015
CT Log Number 528114912

**TO:** Angelica Griego
Ross Stores, Inc.
5130 HACIENDA DR
DUBLIN, CA 94568-7579

**RE:** Process Served in Florida

**FOR:** Ross Dress for Less, Inc. (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MIRIAM CASTELLANOS, and other similarly situated individuals, Pltf. vs. ROSS DRESS FOR LESS INC., etc. and MICHAEL O'SULLIVAN, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice(s) |
| **COURT/AGENCY:** | Miami-Dade County Circuit Court, FL<br>Case # 2015024908CA01 |
| **NATURE OF ACTION:** | Employee Litigation - Wage & Hour Federal Statutory Violation and Wage & Hour Federal Statutory Violation against all defendants |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/05/2015 at 13:35 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Jason S. Remer<br>REMER & GEORGES-PIERRE, PLLC<br>44 West Flagler Street, Suite 2200<br>Miami, FL 33130<br>305-416-5000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/05/2015, Expected Purge Date: 11/10/2015<br><br>Image SOP<br><br>Email Notification, Michele Krass  Michele.Krass@ros.com<br><br>Email Notification, Angelica Griego  angelica.griego@ros.com<br><br>Email Notification, Daphne Broadnax  Daphne.Broadnax@ros.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1200 South Pine Island Road<br>Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Page 1 of 1 / SH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


EXHIBIT A

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA.

MIRIAM CASTELLANOS,
and other similarly situated individuals,

    Plaintiff(s),

vs.                                    CASE NO: 2015-024908-CA-01

ROSS DRESS FOR LESS INC.,
d/b/a DD'S DISCOUNTS and
MICHAEL O'SULLIVAN, Individually.

    Defendant(s).
_____/

**SUMMONS IN A CIVIL CASE**

11/5/15
135p
AC260

TO: ROSS DRESS FOR LESS INC., through its Registered Agent:

CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK _Alfonzo Rogers 34775_      DATE **NOV 0 4 2015**

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA.

MIRIAM CASTELLANOS,
and other similarly situated individuals,

    Plaintiff (s),

vs.

CASE NO: 2015-024908-CA-01

ROSS DRESS FOR LESS INC.,
d/b/a DD'S DISCOUNTS and
MICHAEL O'SULLIVAN, Individually.

    Defendant (s).
_____/

11/5/15
1:35p
AK260

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, Plaintiff, MIRIAM CASTELLANOS ("Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, ROSS DRESS FOR LESS INC., d/b/a DD'S DISCOUNTS and MICHAEL O'SULLIVAN, Individually ("Defendant") and states as follows:

### JURISDICTION

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA"), Article X, Section 24 of the Florida Constitution, and the Florida Minimum Wage Act (the "FMWA") to recover unpaid overtime and minimum wage compensation, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, ROSS DRESS FOR LESS INC., having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, MICHAEL O'SULLIVAN, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, ROSS DRESS FOR LESS INC.

6. Venue is proper in Miami Dade because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff was employed with Defendant from approximately June 2014 to September 12, 2014 as a non-exempt employee.

10. On or about, August 31, 2014, Plaintiff complained to Assistant Manager Andrew (Last Name Unknown) regarding unpaid wages and no remedial action was taken.

11. Additionally, on or about September 12, 2014, Plaintiff complained to Store Manager Jose (Last Name Unknown) regarding unpaid wages and no remedial action was taken.

12. Therefore, Plaintiff was terminated because she complained about her due and owing minimum and/or overtime wages, and not for any other reason.

13. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

14. During the time period from June 2014 to September 12, 2014, Defendant failed to compensate Plaintiff at the required minimum wage and at rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week. Plaintiff should be compensated at the correct minimum wage and the rate of one and a half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) per week, as required by the FLSA.

**COUNT I**
*Wage & Hour Federal Statutory Violation Against*
***ROSS DRESS FOR LESS INC***

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

16. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a

work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

17. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

18. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

19. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

20. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

21. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

22. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was

made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

23. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

24. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
*Wage & Hour Federal Statutory Violation Against*
*MICHAEL O'SULLIVAN*

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 24 of this complaint as if set out in full herein.

26. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

27. At the times mentioned, Defendant MICHAEL O'SULLIVAN, had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of his employment (hire/fire), scheduled hours and/or rate of pay.

28. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

29. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

30. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

31. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

32. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

33. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

34. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

35. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

36. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act

and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

37. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

G. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

H. Award Plaintiff an equal amount in double damages/liquidated damages; and

I. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

J. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *FLSA Retaliation Violation Against ROSS DRESS FOR LESS INC*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 of this complaint as if set out in full herein.

39. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this

Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

40. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

41. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

42. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated   10-26 15                                        Respectfully submitted,

_____
Jason S. Remer, Esq.
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN

I, Miriam Castellanos, hereby consent, in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act, to become a party plaintiff in this action against my employer, Dd's Discounts, and to be represented by the attorneys of REMER & GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

Sign Name: *Miriam Castellanos*
Miriam Castellanos (Oct 27, 2014)

Date: Oct 27, 2014

Print Name: Miriam Castellanos

Filing # 34898426 E-Filed 11/25/2015 02:41:00 PM

                                                IN THE CIRCUIT COURT OF THE 11th
                                                JUDICIAL CIRCUIT IN AND FOR
                                                MIAMI-DADE COUNTY, FLORIDA

MIRIAM CASTELLANOS,                    CASE NO. 2015-024908-CA20

      Plaintiff,

v.

ROSS DRESS FOR LESS, INC.,
d/b/a DD'S DISCOUNTS and
MICHAEL O'SULLIVAN

      Defendants.
_____/

### DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

      Defendants, Ross Dress For Less, Inc. d/b/a DD's Discounts ("Ross") and Michael O'Sullivan ("O'Sullivan") move for entry of an Order granting them a ten (10) day enlargement of time, up to and including December 5, 2015, within which to serve their response to the Complaint filed by Plaintiff, Miriam Castellanos ("Plaintiff"). In support of this motion, Defendants state as follows:

      1.    Ross was served with the Complaint on or about November 5, 2015 and its response is currently due on November 25, 2015. O'Sullivan was allegedly served on November 13, 2015 and his response would be due on December 3, 2015, if service was proper.

      2.    Counsel for Defendant, Steven A. Siegel, Esquire, has attempted to confer with Plaintiff's counsel, Jason Remer, Esquire, regarding the subject matter of this motion. Mr. Siegel has tried repeatedly by telephone and by e-mail to reach Mr. Remer, but he has not yet received a response.

3. Because Ms. Castellanos is subject to an arbitration agreement, this suit should not have been filed. Defendants expect that when Plaintiff's counsel responds to the undersigned that Plaintiff will agree to transfer this matter to arbitration. While they wait to hear from Plaintiff's counsel, Defendants respectfully request an enlargement of time, up to and including December 5, 2015, within which to serve their response to Plaintiff's Complaint.

4. This enlargement is sought in good faith and not for purposes of delay. Moreover, this enlargement does not prejudice any party, nor will it delay this matter.

For these reasons, Defendants respectfully request the entry of an Order granting them an enlargement of time, up to and including December 5, 2015, within which to serve their response to Plaintiff's Complaint.

Date: November 25, 2015                                     Respectfully submitted,

                                                            /s/Steven A. Siegel
                                                            Steven A. Siegel
                                                            Fla. Bar No. 0497274
                                                            ssiegel@laborlawyers.com
                                                            FISHER & PHILLIPS LLP
                                                            450 East Las Olas Boulevard
                                                            Suite 800
                                                            Fort Lauderdale, Florida 33301
                                                            Tel (954) 525-4800
                                                            Fax (954) 525-8739

                                                            *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on **November 25, 2015,** I caused a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT** to be served on the following individual, either via transmission of Notice of Electronic Filing generated by the *Florida's E-Filing Portal* or by United States Mail for those counsel or parties who are not authorized to receive electronically filed pleadings in this action to the parties listed below:

    Jason S. Remer, Esquire
    Brody M. Shulman, Esquire
    Remer & Georges-Pierre, PLLC
    44 West Flagler Street
    Suite 2200
    Miami, Florida 3310
    jremer@rgpattorneys.com

    /s/Steven A. Siegel